CONSOLIDATED INVESTMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13603.  Promulgated October 26, 1928.

*H. A. Mihills, C. P. A.*, for the petitioner.
*S. S. Faulkner, Esq.*, for the respondent.

1254

SMITH: The questions before the Board in this case are, (1) the fair market value of property paid into the petitioner in exchange for $2,500,000 of its bonds and $1,250,000 preferred stock and $1,250,-000 common stock; and (2) the value on March 1, 1913, of such assets for the purpose of determining an allowance for exhaustion and depreciation for the year 1921. This same question was in issue before the Board in *Consolidated Investment Co.*, 1 B. T. A. 272, for the years 1918 and 1920. In that proceeding the petitioner did not attempt to prove the value of the assets paid in for shares of stock further than to show that the bonds and shares of stock had been issued for such assets. It relied upon the proposition that the judgment of the directors that the assets were worth the par value of the stock should be held to be sufficient proof of such value. This Board held that the evidence was insufficient to establish the values contended for.

In the instant proceeding an abundance of evidence has been offered to prove the values contended for. The petitioner was able to locate records of the Syndicate Trust Co. which showed the cost to it of the erection of the Syndicate Building and counsel for the petitioner and the respondent are in agreement as to the cost to the Syndicate Trust Co. of the acquisition of the Century Building. The proof is clear that the investment of the Syndicate Trust Co. in these two buildings was $3,989,518.33.

The Syndicate Trust Co. was created as a holding corporation. It acquired a number of leases upon the property in City Block 273 upon which the Century Building was located and the Syndicate Building was erected. The record does not show the investment of the Trust Company in such leaseholds. Competent witnesses, however, have testified as to the fair market value of these leases in 1906. One witness gave his estimate of the value as $700,000, another as $796,457.50. There appears to be no question that the leases being all assembled in one owner had a much greater value than they would have had if owned separately. The evidence warrants a finding that the value of the leases in 1906 was $700,000. We, therefore, think that the petitioner is entitled to include in invested capital the cost of the buildings to the Trust Company plus the value of the leaseholds, totaling $4,689,518.33, less $2,500,000 bonds issued therefor.

The evidence shows a marked appreciation in the value of both the buildings and the leases between 1906 and March 1, 1913. This evidence proves that the fair market value of the buildings on March 1, 1913, was $4,000,000 and that the fair market value of the lease-

holds on that date was $997,000. The depreciation and exhaustion for the taxable years should be computed accordingly.

*Judgment will be entered under Rule 50.*